# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
5/29/2020 3:39 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**BRITTANY A. YOUNG, ESQ.**
Nevada Bar #13663
**CRAIG P. KENNY & ASSOCIATES**
501 S. 8th Street
Las Vegas, Nevada 89101
(702) 380-2800
Attorneys for Plaintiffs

CASE NO: A-20-815762-C
Department 1

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

NAKIA GHASSEDI and MOHAMMED GHASSEDI,

      Plaintiffs,

v.

DOE EMPLOYEE, a Nevada resident, SMITH'S FOOD & DRUG CENTERS, INC.; DOES I through X, inclusive; and ROE CORPORATIONS I, through X, inclusive

      Defendants.

Case No.

Dept No.

**EXEMPT FROM ARBITRATION**
**- Amount in Excess of $50,000**

**COMPLAINT**

    Plaintiffs NAKIA GHASSEDI and MOHAMMED GHASSEDI, by and through their attorneys CRAIG P. KENNY & ASSOCIATES, hereby allege as follows:

    1. That at all times mentioned herein and material hereto, Plaintiffs NAKIA GHASSEDI and MOHAMMED GHASSEDI are and were residents of North Las Vegas, Clark County, Nevada.

    2. That Defendant DOE EMPLOYEE was and is, at all times mentioned herein, a resident of Clark County, Nevada. At all times, DOE EMPLOYEE was working in the course and scope of his employment with Defendant SMITH'S FOOD & DRUG CENTERS, INC. Defendant SMITH'S has refused to identify this employee after repeated requests, but it is known that the DOE EMPLOYEE is a Nevada resident as the subject accident occurred while DOE EMPLOYEE was employed at Defendant SMITH'S store in North Las Vegas, Nevada.

    3. That Defendant SMITH'S FOOD & DRUG CENTERS, INC. (hereinafter "SMITH'S") is and was corporation duly authorized to conduct business in the State of Nevada.

    4. That at all times mentioned herein, Defendant DOE EMPLOYEE was an employee and/or agent of Defendants SMITH'S, DOES I through X, and/or ROE CORPORATIONS I through X,

1

1   and that all acts or omissions mentioned herein which were performed by Defendant DOE EMPLOYEE

2   were performed within the course and scope of his employment/agency with said Defendants.

3       5.  The true names and capacities, whether individual, corporate, associate, or otherwise, of

4   the Defendants named herein as DOES I through X, DOES I through X and ROE CORPORATIONS

5   I through X, inclusive, are unknown to Plaintiffs at this time and Plaintiffs, therefore, sue said

6   Defendants by such fictitious names.  Plaintiffs are informed and believe and, therefore, allege that each

7   of the Defendants designated herein as DOE are responsible in some manner for the events and

8   happenings referred to and caused damages proximately to Plaintiffs as hereinafter alleged, and Plaintiffs

9   will ask leave of this Court to amend their Complaint to insert the true names and capacities of said

10   DOES when the same become ascertained, and join said Defendants in this action.

11       6.  On November 28, 2019 at 6:30 am in North Las Vegas, Clark County, Nevada, Plaintiff

12   NAKIA GHASSEDI was a patron of Defendant SMITH'S store located at 3013 W. Craig Road,  North

13   Las Vegas, Nevada.  While at the store, Plaintiff was struck by a cart overloaded with boxes being

14   pushed by DOE EMPLOYEE who was not looking where he was walking and he slammed the cart into

15   Plaintiff, injuring Plaintiff.  Defendant SMITH'S refused to cooperate with Plaintiff at all even though

16   its employee's negligence caused Plaintiff injuries.  Defendant SMITH'S refused to identify the at-fault

17   employee, provide a copy of the incident report, and provide video-tape and photos of the accident itself,

18   even though all of this evidence SMITH'S knows it has to produce in litigation and Plaintiff is entitled

19   to said evidence.

20       7. Defendant DOE EMPLOYEE was negligent in overloading his cart with boxes and not paying

21   attention to where he was walking, such that DOE EMPLOYEE slammed into Plaintiff NAKIA

22   GHASSEDI and injured her.  DOE EMPLOYEE's negligence was the proximate and legal cause of

23   Plaintiff NAKIA GHASSEDI's injuries.

24       8.  Plaintiffs allege that since Defendant DOE EMPLOYEE's negligence was committed

25   while he was acting within the course and scope of his employment with Defendant SMITH'S, DOES

26   I through X, and/or ROE CORPORATIONS I through X, and these Defendants are vicariously liable

27   for the negligence of Defendant DOE EMPLOYEE pursuant to the doctrine of respondeat superior.

28       9.  Plaintiffs allege that Defendant DOE EMPLOYEE's negligence was committed while

  he was acting under the direct supervision of his employer, Defendant SMITH'S, who failed to properly

1  train, supervise, monitor, and regulate the behavior of its employee. As a direct result of this negligent
2  training and supervision by Defendant SMITH'S, Plaintiff NAKIA GHASSEDI sustained serious
3  injuries.

4       10. That as a direct and proximate result of the aforesaid negligence of the Defendants, and
5  each of them, Plaintiff NAKIA GHASSEDI suffered serious and disabling injuries together with other
6  economic losses in an amount in excess of $15,000.00.

7       11. That as a further direct and proximate result of the aforesaid negligence of Defendants
8  and each of them, Plaintiff NAKIA GHASSEDI has already incurred medical expenses and will in the
9  future be caused to expend sums of money for medical care and expenses, the total amount of which
10  cannot at this time be determined.

11       12. The negligence of Defendants DOE EMPLOYEE and SMITH'S, and each of them, are the
12  proximate and legal causes of Plaintiffs' damages. Pursuant to <u>Buck v. Greyhound</u>, Defendants are
13  jointly and severally liable for Plaintiffs' damages.

14       13. That Plaintiff MOHAMMED GHASSEDI is married to Plaintiff NAKIA GHASSEDI. As
15  a direct and proximate result of the negligence of Defendants and each of them, Plaintiff MOHAMMED
16  GHASSEDI has been deprived of Plaintiff NAKIA GHASSEDI's comfort, society, counsel, support,
17  consortium and companionship, all to his damage in a sum in excess of $15,000.00.

18       14. That it has been necessary for Plaintiffs to retain legal counsel and therefore Plaintiffs are
19  entitled to reasonable attorneys fees and costs as damages in this action.

20       WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

21      1.   For general damages in a sum in excess of $15,000.00;
    2.   For special damages in an amount to be ascertained at trial;
22      3.   For loss of consortium damages in excess of $15,000;
    4.   For reasonable attorneys fees, costs, and prejudgment interest; and,
23      5.   For such other and further relief as the Court may deem appropriate.

24       DATED this _19th_ day of ___May___, 2020.

25                     **CRAIG P. KENNY & ASSOCIATES**

26                                                   
                   **BRITTANY A. YOUNG, ESQ.**
27                     Nevada Bar #13663
                   501 S. 8th Street
28                     Las Vegas, Nevada 89101
                   Attorneys for Plaintiffs

Electronically Filed
7/14/2020 10:47 AM
Steven D. Grierson
CLERK OF THE COURT

# IN THE DISTRICT COURT CLARK COUNTY OF THE STATE OF NEVADA

| | |
|---|---|
| Nakia Ghassedi and Mohammed Ghassedi ) | Dated: 7/8/2020 |
| PLAINTIFF ) | |
| ) | Civil File Number:  20002842 |
| Vs ) | |
| Smiths Food & Drug Centers, Inc ) | CASE No.:  A20815762C |
| DEFENDANT ) | |

## DECLARATION OF SERVICE

**STATE OF NEVADA**    }
                     }  ss:

**CARSON CITY**         }

    **Jakob Dzyak,** being first duly sworn, deposes and says:  That affiant is a citizen of the United States, over 18 years of age, not a party to the within entered action, and that in Carson City, Nevada, personally served the described documents upon:

        **Sub-served:**    **Smiths Food & Drug Centers, Inc by serving TRISTIN (CLERK FOR CSC),**

**Authorized Individual**

        **Location:**    **R/A: Corporation Service Company 112 North Curry Street Carson City, NV 89703**

        **Date:**       **7/8/2020 Time:**    **11:15 AM**

The document(s) served were:  Summons & Complaint

I declare under penalty of perjury under the law provided of the State of Nevada that the foregoing is true and correct. No notary is required per NRS 53.045.

        **Ken Furlong, SHERIFF**

        *Jakob Dzyak*

        By: Jakob Dzyak  Badge# 9685
            Sheriff's Authorized Agent

District Court Clark County
Las Vegas, NV

Mark A. Kirkorsky, P.C.
PO Box 25287
Tempe, AZ 85285

Electronically Filed
7/28/2020 11:25 AM
Steven D. Grierson
CLERK OF THE COURT

1  **ANSC**
   JERRY S. BUSBY
2  Nevada Bar #001107
   GREGORY A. KRAEMER
3  Nevada Bar #010911
   COOPER LEVENSON, P.A.
4  3016 West Charleston Boulevard - #195
   Las Vegas, Nevada  89102
5  (702) 366-1125
   FAX:  (702) 366-1857
6  jbusby@cooperlevenson.com
   gkraemer@cooperlevenson.com
7  Attorneys for Defendant
   SMITH'S FOOD & DRUG CENTERS, INC.
8

9                    **DISTRICT COURT**
                **CLARK COUNTY, NEVADA**
10

11 NAKIA GHASSEDI and MOHAMMED          CASE NO.:  A-20-815762-C
   GHASSEDI,                            DEPT. NO.:  I
12
           Plaintiffs,
13
   v.
14
   DOE EMPLOYEE, a Nevada resident,     **DEFENDANT SMITH'S FOOD & DRUG**
15 SMITH'S FOOD & DRUG CENTERS, INC.;   **CENTERS, INC.'S ANSWER TO**
   DOES I through X, inclusive; and ROE **PLAINTIFFS' COMPLAINT**
16 CORPORATIONS I, through X, inclusive

17         Defendants.

18

19         COMES NOW, Defendant, SMITH'S FOOD & DRUG CENTERS, INC., by and through its

20 attorney of record, JERRY S. BUSBY, ESQ., of the law firm COOPER LEVENSON, P.A., and hereby

21 answers Plaintiffs' Complaint on file herein as follows:

22                                         **I.**

23         This answering Defendant states that it does not have sufficient knowledge or information upon

24 which to base a belief as to the truth of the allegations contained in Paragraphs 1, 2, 4, 5 and 6 of

25 Plaintiffs' Complaint and upon said ground, denies each and every allegation contained therein.

26                                        **II.**

27         This answering Defendant admits the allegations contained in Paragraph 3 of Plaintiffs'

28 Complaint.

CLAC 5764191.1

## III.

This answering Defendant denies each and every allegation contained in Paragraphs 7, 10, 11, 13 and 14 of Plaintiffs' Complaint.

## IV.

Paragraphs 8, 9 and 12 of Plaintiffs' Complaint state a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraphs.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs did not use reasonable diligence to care for their injuries, thereby aggravating said injuries as a result. Therefore, Plaintiffs' claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

At the time and place alleged in Plaintiffs' Complaint, and for a period of time prior thereto, Plaintiffs did not exercise ordinary care, caution, or prudence for the protection of their own safety, and injuries and damages complained of by Plaintiffs in the Complaint, if any, were directly and proximately caused or contributed to by the fault, failure to act, carelessness, and negligence of Plaintiffs, and therefore Plaintiffs' claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiffs.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

2

CLAC 5764191.1

1  WHEREFORE, this answering Defendant prays that Plaintiffs take nothing by virtue of their

2  Complaint on file herein; for costs and disbursements incurred in this action; and for such other and

3  further relief as to the Court may deem proper.

4  Dated this 28th day of July, 2020.

5  COOPER LEVENSON, P.A.

6

7  By  /s/ Jerry S. Busby
       Jerry S. Busby
8      Nevada Bar No. 001107
       Gregory A. Kraemer
9      Nevada Bar No. 010911
       3016 West Charleston Boulevard - #195
10     Las Vegas, Nevada  89102
       Attorneys for Defendant
11     SMITH'S FOOD & DRUG CENTERS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLAC 5764191.1

3

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and that on this 28th day of July, 2020, I did cause a true copy of the foregoing **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT** to be served upon each of the parties listed below via electronic service through the Eighth Judicial District Court's Odyssey E-File and Serve System:

Brittany A. Young, Esq.
CRAIG P. KENNY & ASSOCIATES
501 South Eighth Street
Las Vegas, NV 89101
Attorneys for Plaintiff

By    /s/ Theresa H. Rutkowski
        An Employee of
        COOPER LEVENSON, P.A.

CLAC 5764191.1

4

Electronically Filed
8/17/2020 9:30 AM
Steven D. Grierson
CLERK OF THE COURT

1   **ABREA**
    **BRITTANY A. YOUNG, ESQ.**
2   Nevada Bar #13663
    **CRAIG P. KENNY & ASSOCIATES**
3   501 S. 8ᵗʰ Street
    Las Vegas, Nevada 89101
4   (702) 380-2800
    Attorneys for Plaintiffs

5

6                  **DISTRICT COURT**
             **CLARK COUNTY, NEVADA**
7

8   NAKIA GHASSEDI and MOHAMMED
    GHASSEDI,
9                            CASE NO.    A-20-815762-C
        Plaintiffs,              DEPT NO.    1
10

11   v.

12   DOE EMPLOYEE, a Nevada resident,
    SMITH'S FOOD & DRUG CENTERS,
    INC.; DOES I through X, inclusive; and
13   ROE CORPORATIONS I through X,
    inclusive,
14
        Defendants.
15

16           **PETITION FOR EXEMPTION FROM ARBITRATION**

        Plaintiffs, NAKIA GHASSEDI and MOHAMMED GHASSEDI by and through their

17   attorneys, **CRAIG P. KENNY & ASSOCIATES**, hereby request the above-entitled matter be

18   exempted from arbitration pursuant to Nevada Arbitration Rules 3 and 5, as this case:

19               1.   _____presents a significant issue of public policy;

20               2.   __X__ involves an amount in issue in excess of
                     $50,000, exclusive of interest and cost;
21

22               3.   _____presents unusual circumstances which
                     constitute good cause for removal from the
23                       program.

24         A summary of the facts which supports my contention for exemption is as follows:

25         On November 28, 2019 at 6:30 am in North Las Vegas, Clark County, Nevada, Plaintiff NAKIA

26   GHASSEDI was a patron of Defendant SMITH'S store located at 3013 W. Craig Road, North Las

27   Vegas, Nevada. While at the store, Plaintiff was struck by a cart overloaded with boxes being pushed

28   by DOE EMPLOYEE who was not looking where he was walking and he slammed the cart into

                                      1

1 | Plaintiff, injuring Plaintiff. Defendant SMITH'S refused to cooperate with Plaintiff at all even though
2 | its employee's negligence caused Plaintiff injuries. Defendant SMITH'S refused to identify the at-fault
3 | employee, provide a copy of the incident report, and provide video-tape and photos of the accident itself,
4 | even though all of this evidence SMITH'S knows it has to produce in litigation and Plaintiff is entitled
5 | to said evidence.

6 | **I.   INJURIES**

7 | As a result of the collision, Plaintiff Nakia Ghassedi sustained aggravation injuries to her low
8 | back, right hip and buttocks.

9 | Following the impact, Nakia presented to Dignity Health where she was examined for increased
10 | lower back pain, radiating pain and weakness in her right leg and a pinching sensation in her thigh. She
11 | was prescribed muscle relaxers and advised to seek follow up care.

12 | Nakia was seen by Dr. Antflick at Nevada Pain Center who requested updated MRI studies. He
13 | also recommended lumbar transforaminal epidural steroid injections, for Nakia to begin physical therapy
14 | and return to Dr. Thalgott for examination.

15 | On January 29, 2020, Nakia underwent the lumbar for her pain which was rated as a 7-9/10. The
16 | following day, Nakia returned to Dignity Health for severe and worsening lower back pain, weakness
17 | and an inability to function at home. Due to her symptoms, Nakia was transferred by ambulance to
18 | Mountain View Hospital.

19 | The attending physician at Mountain View reported that Nakia had progressive right lower
20 | extremity numbness and weakness following the epidural, as well as a loss of sensation in her right leg.
21 | Severe degenerative changes were noted at L3-4 with asymmetric disc bulge creating left lateral recess
22 | and neural foraminal moderate stenosis. At that time, neurosurgery was consulted and Nakia underwent
23 | an emergency laminectomy at L3-4, discectomy at L3-4 and bilateral sacroiliac joint injection and
24 | arthrogram. Nakia was released after a couple of days.

25 | Unfortunately, she developed 10/10 pain and shortness of breath a couple of days later. On
26 | February 1, 2020, she was transported by ambulance to Valley Hospital for intractable back pain and on
27 | February 3, 2020 she was again seen at Mountain View Hospital for sepsis and concern for multifocal
28 | pneumonia. Nakia again returned to Dignity Health and Mountain View Hospital for back pain and

1    shortness of breath.

2          To date, Nakia continues to treat for her injuries.

3          As a result of the subject incident, Plaintiff Nakia Ghassedi has incurred the following

4    medical damages:

5

| | | | |
|---|---|---|---|
| Dignity Health | $3,856.86 | DOS: 11/28/19 |
| Clark Schillinger Emergency Group | $1,416.00 | |
| Radiology Associates of Nevada | Pending | |
| Nevada Pain Care | Pending | |
| Las Vegas Radiology | $1,650.00 | |
| Durango Surgery Center | $18,066.00 | |
| Rapid Rehab | Pending | |
| Dignity Health | $23,018.29 | DOS: 1/30/2020 |
| Clark Schillinger Emergency Group | $2,089.00 | |
| Radiology Associates | $398.00 | |
| Mountain View Hospital | Pending | DOS: 1/30/20-1/31/20 |
| Fremont Emergency | $1,428.00 | |
| Radiology Specialists | $398.00 | |
| Mountain View Hospital | Pending | DOS: 2/2/20-2/3/20 |
| Fremont Emergency | $1,428.00 | |
| Radiology Specialists | Pending | |
| AMR | $1,274.31 | |
| Valley Hospital | $4,319.00 | |
| Shadow Emergency Physicians | Pending | |
| Desert Radiologists | $1,827.10 | |
| Dignity Health | $40,416.53 | DOS: 2/8/20 |
| Clark Schillinger Emergency Group | $2,793.00 | |
| Radiology Associates | $33.00 | |
| AMR | $1,209.21 | |
| Mountain View Hospital | Pending | DOS: 2/8/20-2/12/20 |
| Ahmed Ali, MD | Pending | |
| Dignity Health | $9,008.38 | DOS: 3/22/20 |
| Clark Schillinger Emergency Group | $2,192.00 | |
| Radiology Associates | Pending | |
| US Partners of Nevada | $2,898.00 | |
| Las Vegas Neurosurgical Inst. | $20,200.00 | |
| Desert Radiology | $153.00 | |

**Total: $140,071.68**

          Plaintiff, Mohammed Ghassedi is the husband of Nakia Ghassedi and has a claim for loss of

consortium.

          Given Plaintiff Nakia's injuries, her past medical bills, and her pain and suffering,  it is

respectfully requested that Plaintiffs' case be exempted from arbitration.

          I hereby certify pursuant to N.R.C.P. 11 this case is included within the exemption(s) marked

3

above and am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

I further certify pursuant to NRS Chapter 239B and NRS 603A.040 that this document and any attachments thereto do not contain personal information including, without limitation, home address/phone number, social security number, driver's license number or identification card number, account number, PIN numbers, credit card number or debit card number, in combination with any required security code, access code or password that would permit access to the person's financial account.

**DATED** this 17th day of August, 2020.

CRAIG P. KENNY & ASSOCIATES

By_____
BRITTANY A. YOUNG, ESQ.
Nevada Bar No. 13663
501 S. 8th Street
Las Vegas, Nevada 89101
Attorney for Plaintiffs

4

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b) and EDCR 7.26, I hereby certify that service of the foregoing PETITION FOR EXEMPTION FROM ARBITRATION was made on this _17th_ day of August, 2020 by the following means:

☐    U.S. Mail: I served these documents by depositing a truce copy of the same for mailing, first class mail, postage prepaid, at Las Vegas, Nevada, addressed as follows:

☑    Electronic Service: I served these documents via the Court's E-Filing System for Electronic Service upon the Court's Service List pursuant to EDCR 8, addressed as follows:

☐    Fax Transmission: by facsimile transmission to the persons at the fax numbers listed below:

Jerry S. Busby, Esq.
Gregory A. Kraemer, Esq.
Cooper Levenson
3016 W. Charleston Blvd., Ste. 195
Las Vegas, NV 89102
Attorneys for Defendant


An employee of CRAIG P. KENNY & ASSOC.

5

Electronically Filed
8/31/2020 4:49 PM
Steven D. Grierson
CLERK OF THE COURT

CDRG

## DISTRICT COURT

## CLARK COUNTY, NEVADA

Nakia Ghassedi, Plaintiff(s)

vs.

Smith's Food & Drug Centers Inc,

Defendant(s)

CASE NO: A-20-815762-C
DEPT. NO: I

## <u>COMMISSIONER'S  DECISION ON REQUEST FOR EXEMPTION</u>

REQUEST FOR EXEMPTION FILED ON: <u>August 17th, 2020</u>

EXEMPTION FILED BY: <u>Plaintiffs</u>          OPPOSITION: <u>No</u>

## DECISION

Having reviewed the Request for Exemption, and all related pleadings, the Request for Exemption is hereby GRANTED.

DATED this 31st of August, 2020.


_____
ADR COMMISSIONER

1

2

<u>**NOTICE**</u>

3

4
Pursuant to Nevada Arbitration Rule 5(D), you are hereby notified you have five (5) days from the date you are served with this document within which to file written objections with the Clerk of Court and serve all parties.  The Commissioner's Decision is deemed served three (3) days after the Commissioner's designee deposits a copy of the Decision in the U.S. Mail. **Pursuant to NEFCR Rule 9(f)(2) an additional 3 days is not added to the time if served electronically (via e-service).**

5

6

7

8
**A copy of the foregoing Commissioner's Decision on Request for Exemption was electronically served, pursuant to N.E.F.C.R. Rule 9, to all registered parties in the Eighth Judicial District Court Electronic Filing Program on the date of e-filing.**

9

10
*If indicated below*, a copy of the foregoing Commissioner's Decision on Request for Exemption was also:

11

12
☐ Placed in the folder of counsel maintained in the Office of the Clerk of Court on _____, 2020.

13

14
☐ Mailed by United States Postal Service, Postage prepaid, to the proper parties listed below at their last known address(es) on _____, 2020.

15

16

17
/s/   Loretta Walker _____
ADR COMMISSIONER'S DESIGNEE

18

19

20

21

22

23

24

25

26

27

2