# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Nakia Ghassedi, et al., | Case No. 2:20-cv-01711-GMN-BNW |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Smith's Food and Drug Centers, Inc. | |
| Defendant. | |

Before the Court is Plaintiffs' motion to amend the complaint and remand the case to state court. ECF No. 20. Defendants opposed. ECF No. 21. Plaintiffs replied. ECF No. 23. For the reasons discussed below, the Court will recommend that the motion be denied.

**I.  Background**

   **A.  Procedural Posture**

Plaintiffs initiated this action by filing a complaint in state court on May 29, 2020. ECF No. 1-1. Plaintiff Nakia Ghassedi alleged that on November 28, 2019, she was shopping at Smith's and was struck by a cart overloaded with boxes being handled by one of its employees. *Id*. She alleges that, as a result, she suffered injuries. *Id.* at 3. Accordingly, Plaintiffs brought a negligence action against Smith's and several Doe defendants. *Id.* at 2-16.

Defendant removed this case based on diversity jurisdiction on September 16, 2020. ECF No. 1.

   **B.  Plaintiffs' Motion[1]**

Plaintiffs move to amend their complaint to add Courtney Clark as a defendant. Plaintiffs allege Clark was handling the cart that that ultimately injured Mrs. Ghassedi. ECF No. 20 at 3-4.

---

[1] The Court notes that the parties made several arguments not discussed below. The Court reviewed these arguments and determined that they do not warrant discussion, as they do not affect the outcome of the motions before the Court.

Plaintiffs cite to 28 U.S.C. § 1447(e) as the governing statute for purposes of this motion and ask the court to consider the factors enumerated in *Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1020 (C.D. Cal. 2002). *Id.* at 4. Relevant to the *Boone* factors, Plaintiffs first explain that Clark is a required party under Rule 19(a). *Id.* at 5. They rely heavily on *Lieberman v. Wal-Mart Stores, Inc.*, 2013 WL 596098 (D. Nev. 2013), for the proposition that Clark, who could be held independently responsible for the alleged tortious conduct, is a necessary defendant under Fed. R. Civ. P. 19(a). *Id.* Plaintiffs also argue that denial of this request would require Plaintiffs to initiate a separate action against Clark in state court. *Id.* at 8. Although the statute of limitations has not run, Plaintiffs argue that having to commence a separate action would be prejudicial. *Id*. They also argue that there is no delay in bringing this motion, as it was filed within the allotted deadline. *Id.* at 6. Lastly, they argue the strengths of their case and that there is no suspect reason for this request. *Id*. at 7-8. Plaintiffs conclude that they should be permitted to amend their complaint to add Clark. *Id* at 9. Plaintiffs further argue that once they amend the complaint, the Court no longer has diversity jurisdiction over this case. *Id*. Accordingly, Plaintiffs argue that remand is required. *Id.*

**C.     Smith's Opposition**

Smith's asks the Court to follow the same authorities cited by Plaintiffs but opposes the request. ECF No. 21. Smith's argues that the Court has considerable discretion to deny Plaintiffs' motion to amend and should do so after applying the *Boone* factors. *Id*. at 5-11. First, Smith's argues that Plaintiffs will not be prejudiced by Clark's absence, as he is not a necessary party. *Id*. at 7-8. Smith's also argues that there is no reason to name Clark as a defendant because Smith's will be vicariously liable for any of his allegedly negligent acts and (unlike Clark) has the resources to pay Plaintiffs any damages award. *Id.* at 8-9. Given these facts, Smith's argues that it appears Plaintiffs' sole motive in naming Clark is to destroy diversity. *Id.*

Moreover, Smith's argues that Plaintiffs have unduly delayed in bringing this motion. *Id.* at 5-7. Smith's alleges Plaintiffs waited until seven months after removal, six months after discovery began, and four days before the deadline to amend to seek amendment. *Id.* Smith's also

argues that Plaintiff has not taken a single deposition and waited to serve written discovery until March 2021. Thus, Smith's argues that the request is untimely and should be denied. *Id*. at 9.

### D.  Plaintiffs' Reply

Plaintiffs' reply focuses solely on whether Clark is a necessary party and reiterates the importance of the *Lieberman* case to this Court's determination. ECF No. 23 at 4-5. Plaintiffs also point out that while Smith's response *stipulates* and *admits* that Clark was working in the course of scope of his employment, such statements have no legal effect. *Id*. at 5. In fact, they attached Smith's response to a Request for Admission which, according to Plaintiffs, demonstrates that Smith's is not truly willing to stipulate to that fact. *Id*.

## II.  Analysis

"There is a split in authorities, unresolved by the Ninth Circuit, on what standard governs the Court's decision whether to permit joinder of" defendants that would destroy diversity, Rule 15 or 28 U.S.C. § 1447(e). *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014); *see also Magana v. Archer Daniels Midland Co.*, No. 120CV00578NONESKO, 2021 WL 1375466, at *1 (E.D. Cal. Apr. 12, 2021) (acknowledging that the Ninth Circuit has yet to resolve what standard governs this situation); *Armstrong v. FCA US LLC*, No. 119CV01275DADSAB, 2020 WL 6559232, at *3, n.3 (E.D. Cal. Nov. 9, 2020) (recognizing split).

Under Rule 15, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The standard for granting leave to amend is generous." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). And "the nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986).

"The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Corinthian Colls.*, 655 F.3d at 995.

These factors, however, are not equally weighted. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). Specifically, "delay alone[,] no matter how lengthy[,] is an insufficient ground for denial of leave to amend." *Id.*; *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("[D]elay alone is not sufficient to justify the denial of a motion requesting leave to amend."). To deny a motion to amend based on delay, bad faith or prejudice must also exist. *Webb*, 655 F.2d at 980.

Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

The Court agrees with the parties and believes that the proper analysis of a motion to amend that would add defendants and destroy subject matter jurisdiction is under 28 U.S.C. § 1447(e). While district courts in the Ninth Circuit have gone both ways, the Ninth Circuit's decision in *Newcombe*, 157 F.3d at 691 suggests that the proper analysis is under Section 1447(e). In *Newcombe*, after the case was removed, the plaintiff sought to add a defendant that would destroy diversity. *See id.* The district court denied the motion and the Ninth Circuit affirmed. *See id.* The Ninth Circuit cited Section 1447(e) (not Rule 15) and explained that

> [t]he district court considered the potential prejudice to Newcombe, balanced the equities, and determined that no injustice would occur. The district court, after stating that it was aware of its discretion under § 1447(e), concluded that Cassidy was not a crucial defendant in this case because Newcombe only sought (1) an injunction, which could only be enforced against the other defendants, and (2) money damages, which could be fully satisfied by the other defendants. In addition, the district court concluded that Newcombe would not suffer undue prejudice due to Cassidy's absence as a party because he could subpoena Cassidy to testify at trial, and if he so chose, he could still proceed separately against Cassidy in state court. We agree with these conclusions and therefore conclude that the district court did not abuse its discretion in denying Newcombe's motion to remand.

*Id.*

    In two unpublished decisions issued since *Newcombe*, the Ninth Circuit has continued to apply Section 1447(e) in situations such as this (and not applied Rule 15). *See 3WL, LLC v. Master Prot., LP*, 851 F. App'x 4, 7 (9th Cir. 2021) (applying Section 1447(e) and reasoning that "[b]ecause '[t]he language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder,' this court has upheld such denials where the district court 'considered the potential prejudice to [the plaintiff], balanced the equities, and determined that no injustice would occur.'") (citing *Newcombe*); *Kwasniewski v. Sanofi-Aventis U.S., LLC*, 637 F. App'x 405, 407 (9th Cir. 2016) ("Plaintiffs sought leave to amend the complaint . . . The district court properly denied the motion because the proposed amendment sought to rejoin diversity-destroying defendants under the analysis required by 28 U.S.C. § 1447(e).").

    The Court concludes that, based on *Newcombe*, it should consider the prejudice to the Plaintiff, balance the equities, and determine whether injustice would occur. *See Newcombe*, 157 F.3d at 691; *3WL*, 851 F. App'x at 7 ("this court has upheld such denials where the district court 'considered the potential prejudice to [the plaintiff], balanced the equities, and determined that no injustice would occur.'") The Court acknowledges that district courts in the Ninth Circuit sometimes apply various factors in evaluating motions to amend under Section 1447(e); however, different courts apply different factors (or none at all). *See, e.g.*, *Sanchez by & through Gomez v. Target Corp., LLC*, No. 221CV00058KJDDJA, 2021 WL 952095, at *1 (D. Nev. Mar. 12, 2021) (applying six factors); *O'Leary v. Smith's Food & Drug Centers, Inc.*, No., 2019 WL 1217296, at *1 (D. Nev. Feb. 25, 2019), *report and recommendation adopted,* No. 2:18-CV-2150-GMN-VCF, 2019 WL 1207931 (D. Nev. Mar. 14, 2019) (applying three factors); *Resendez v. Smith's Food & Drug Centers, Inc.*, No. 2:14-CV-00201-APG-NJK, 2015 WL 875300, at *1 (D. Nev. Mar. 2, 2015) (applying four factors); *Glaster v. Dollar Tree Stores, Inc.*, No. 215CV00252MMDVCF, 2016 WL 128139, at *2 (D. Nev. Jan. 12, 2016) (noting that "some district courts in the Ninth Circuit have applied a multi-factor test to this analysis, assessing the motives behind seeking joinder, and whether joinder would affect subject matter jurisdiction. Many of those factors, however, appear to arise from Ninth Circuit case law that predates the 1988 enactment of § 1447(e) in its current form."). Accordingly, rather than relying on those authorities or the

district court case (*Boone*) the parties relied on, the Court follows the Ninth Circuit in *Newcombe* and subsequent unpublished cases and will assess the prejudice to the Plaintiff, balance the equities, and determine whether injustice would occur.

First, the Court considers the prejudice to Plaintiff if amendment is denied and determines that Plaintiff will not be prejudiced. The Court has considered the *Lieberman* case and still finds that Clark is not a necessary defendant. This is so for two reasons. First, Smith's admits that it will be vicariously liable under the doctrine of respondeat superior for any alleged negligence of Clark. The Court read the attached response to the Request for Admission and, given the wording of the request, understands the position that Smith's took in responding the way it did. Nevertheless, as an officer of the Court, Smith's counsel has already taken the position that Smith's will assume any liability, as Clark was acting in the course and scope of his employment at the time of the accident. ECF No. 21 at 3, 7-9. Should Smith's take a contrary position during this litigation, it will have to answer to the Court because this decision relies on that representation. Next, Smith's represents it, unlike Clark, has the resources to pay whatever damages award Plaintiff might receive. *Id.* at 4.

Additionally, Plaintiffs would not suffer undue prejudice from Clark's absence as a party because they could subpoena him to testify at trial. *See Newcombe*, 157 F.3d at 691. Finally, the Court notes that Plaintiff could sue Clark separately in state court because the statute of limitations has not run. *See* ECF No. 10 at 12.

Second, the Court balances the equities of allowing amendment versus denying amendment. If the Court allowed amendment, Plaintiff may be able to sue Clark. This cuts slightly in favor of allowing amendment. However, as previously discussed, Plaintiff would not obtain any more complete relief from suing Clark, as he has no appreciable assets. This cuts against allowing amendment.

Although not crucial to this decision, Plaintiffs also delayed in moving to amend, even though they moved before the deadline. That is, the information Plaintiffs had when filing the instant motion is the same information that was available to them when the case was removed. And the Court agrees that Plaintiffs did not do much to ascertain the Clark's identity until well

into the discovery period. Given this delay, it seems unlikely that Plaintiffs truly desire to initiate an action against Clark in his individual capacity. Rather, it appears the only benefit to adding Clark would be to have the action remanded to state court.

Third, the Court determines there would be no injustice if Plaintiffs were not allowed to amend their complaint. As previously discussed, Clark is not a necessary defendant in this case, and Plaintiffs can obtain complete relief from Smith's.

The Court notes that Plaintiffs' amended complaint does not include Mr. Ghassedi. Smith's does not oppose his removal from the case in its response. As a result, the Court will grant this specific amendment as unopposed under LR 7-2(d). Nevertheless, the Court, in its discretion under 28 U.S.C. § 1447(e), recommends that Plaintiffs' motion to amend be denied in all other respects. In turn, as diversity will not be destroyed, remand is neither necessary nor appropriate. Accordingly, the Court also recommends that Plaintiffs' request to remand be denied.

### E. Conclusion and Recommendation

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion to amend (ECF No. 20) be **GRANTED in part and DENIED in part** consistent with this opinion.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 17, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE